Filed 5/18/15  P. v. Galaviz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066519 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. PLAR8825) |
| MICHAEL GALAVIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Desiree A. Bruce-Lyle, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Michael Galaviz was convicted in 2013 of felony vandalism (Pen. Code,[1] § 594, subd. (b)(1)).  Galaviz had a prior conviction for indecent exposure (§ 314, subd. 1) and was required to register pursuant to section 290.  He was released on parole in 2014 subject to a number of conditions.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

On July 25, 2014 parole authorities filed a parole violation report alleging Galaviz used and possessed alcohol; loitered near where children congregated including day care centers, schools, and parks; and possessed pornography. The agent petitioned the court to revoke parole.

Galaviz, who was represented by counsel, signed a parole revocation recommendation and waiver form in which he waived his right to contest the alleged violations. In the form, Galaviz accepted the agent's recommendation for a 135-day return to custody.

Galaviz has appealed the revocation of his parole and return to custody.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has been unable to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as required by *Wende*. We offered Galaviz the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

On July 17, 2014 a parole agent contacted Galaviz at the intersection of Union Street and West Harbor Street. Galaviz told the agent he had consumed a beer. A search of his belongings produced the remainder of a six pack of beer.

The location where Galaviz was sitting was within 250 feet of the Children's Museum and children were playing on the nearby playground.

A search of Galaviz's person produced a thumb drive containing nude pictures of teenage girls as well as adult women. Galaviz was then arrested for the alleged violations.

## DISCUSSION

As we have indicated, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, requesting this court to review the record for error. To assist this court in its review, and in accordance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issue:

Whether the parole conditions, which were the basis of the revocation, were valid conditions of parole that were reasonably related to his commitment offense and/or the prevention of future criminality?

We have reviewed the entire record for error pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738. We have not identified any reasonably arguable issue for reversal on appeal. Competent counsel has represented Galaviz on this appeal.

## DISPOSITION

The judgment is affirmed.

_____

HUFFMAN, J.

WE CONCUR:


_____

McCONNELL, P. J.


_____

NARES, J.

3